HANSON BRIDGETT LLP
DIANE MARIE O'MALLEY, SBN 139166
domalley@hansonbridgett.com
WARREN HODGES, SBN 287162
whodges@hansonbridgett.com
MICHAEL E. TURNER, SBN 228747
mturner@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:     (415) 777-3200
Facsimile:     (415) 541-9366

Jonathan Van Ee, SBN 214129
jonathan@probusinessattorneys.com
THE LAW OFFICES OF JONATHAN VAN EE
7172 Regional Street No. 342
Dublin, California 94568
Telephone:     (415) 938-7694

Attorneys for Defendant
SAN FRANCISCO HEALTH CARE
AND REHAB INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE JOHNSON, individually, on a representative basis, and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>SAN FRANCISCO HEALTH CARE AND REHAB INC, a California Corporation; and DOES 1 through 20, inclusive;<br><br>Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**DEFENDANT SAN FRANCISCO HEALTH CARE AND REHAB INC.'S NOTICE OF REMOVAL PURSUANT TO PREEMPTION 28 U.S.C. §§ 1331 AND 1441(a) (FEDERAL QUESTION) (LABOR MANAGEMENT RELATIONS ACT, 1947 § 301, 29 U.S.C.A. § 185)**<br><br>**(San Francisco County Superior Court Case No. CGC 22-597785)**<br><br>Complaint Filed:     January 24, 2022<br>Trial Date:              Not Set |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF JAMIE JOHNSON AND PLAINTIFF'S COUNSEL OF RECORD:

-1-
DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.
§1441(a) [FEDERAL QUESTION]

PLEASE TAKE NOTICE that Defendant SAN FRANCISCO HEALTH CARE AND REHAB INC. ("Defendant") hereby removes the court action described below from the Superior Court of the State of California, in and for the County of San Francisco, to the United States District Court for the Northern District of California. The removal is pursuant to 28 U.S.C. §§ 1331 and 1441(a) (preemption under § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. §185) and complies with 28 U.S.C. § 1446.

This Court's jurisdiction derives from Section 301 of the Labor Management Relations Act, 29 U.S.C. §185(a), as the Complaint alleges claims governed exclusively by the collective bargaining agreement ("CBA") between Defendant and the SEIU, Local 2015, which terms and conditions govern the employment of most of the putative class member/employees and which will require the Court to analyze and interpret the collective bargaining agreements for resolution of several claims. *See* 29 U.S.C. §185(a); *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 996-997 (9th Cir. 1987). In support of this Notice of Removal, Defendant submits the Declaration of Michael Turner filed (Turner Declaration, ¶ 1) herewith, and also represents to the Court the following facts:

## I. FEDERAL QUESTION JURISDICTION

**1.** This Court has original jurisdiction over this civil action under 28 U.S.C. § 1331 and is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. Section 1441 (a) because it arises under the Labor Management and Relations Act, ("LMRA") 29 U.S.C.A. § 185, in that this is a civil action that includes claims founded upon a claim or right arising under the laws of the United States, namely, whether Defendant violated, some of the putative class member/employees ' overtime, meal, and break rights, rights of its employees covered by provisions of a collective bargaining agreement between Defendant and the SEIU, Local 2015, effective October 1, 2018 through September 30, 2021.

**2.** Section 301 of the LMRA provides federal jurisdiction over "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. §185(a). "The preemptive force of section 301 is so powerful as to displace entirely any state claim based on a collective bargaining agreement, and any state claim whose outcome depends on analysis of the terms of the agreement."

*Young v. Anthony's Fish Grottos, Inc.,* 830 F.2d 993, 997 (9th Cir. 1987) (citations omitted).

3. "Although the language of § 301 [of the LMRA] is limited to 'suits for violation of contracts,' it has been construed quite broadly to cover most state-law actions that require interpretation of labor agreements." *Associated Builders & Contrs. v. Local 302 IBEW*, 109 F.3d 1353, 1356-1357 (9th Cir. 1997) (*citing Allis- Chalmers Corp. v. Lueck,* 471 U.S. 202, 220 (1985) ("When resolution of a state law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as preempted by federal labor-contract law." (internal citations omitted)).

4. Thus, state law causes of action whose outcome depends on analysis of the terms of a collective bargaining agreement are preempted by Section 301 of the LMRA. *Young,* 830 F.2d at 997, 999. These claims must be recharacterized as LMRA Section 301 claims and, as such, are removable to federal court. *Associated Builders*, 109 F.3d at 1356; *Young*, 830 F.3d at 997, 1002 (because Section 301 of the LMRA completely preempts a state claim, a complaint coming within the scope of the federal claim necessarily arises under federal law and is removable).

5. Courts find preemption because "the policy in favor of national uniformity in labor law is so powerful that it displaces state law with respect to claims involving the interpretation or enforcement of collective bargaining agreements." *Associated Builders*, 109 F.3d at 1356 (*citing Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 404 (1988)). Such a policy "authoriz[es] the development of federal common-law rules of decision, in large part to assure that agreements to arbitrate grievances would be enforced, regardless of the vagaries of state law and lingering hostility toward extrajudicial dispute resolution." *Associated Builders,* 109 F.3d at 1356 (*citing Livadas v. Bradshaw*, 512 U.S. 107, 114 S. Ct. 2068, 2077 (1994) (footnote omitted)).

6. Many Section 301 suits "do not assert breach of the collective bargaining agreement and are nevertheless held preempted because they implicate provisions of the agreement." *Associated Builders*, 109 F.3d at 1357 (emphasis added). That is, parties may not avoid Section 301 preemption by artful pleading of a complaint that fails to disclose that the plaintiff's employment was governed by a collective bargaining agreement. *See Young*, 830 F.3d at 997. In such cases, it is proper for the court to look beyond the face of the complaint to determine whether the state claim

is preempted; i.e., to determine whether the outcome of the state claim depends on analysis of the terms of the collective bargaining agreement. *Young*, 830 F.2d at 997 (district court appropriately looked beyond face of the complaint in finding Section 301 preemption where complaint did not reveal that employment was governed by a collective bargaining agreement); *see also Milne Employees Ass'n v. Sun Carriers, Inc.,* 960 F.2d 1401, 1406 (9th Cir. 1991) (plaintiff "cannot avoid removal by 'artfully pleading' only state law claims that are actually preempted by federal statutes"). The preemptive effect of Section 301 includes related derivative causes of action in a complaint.

7. Defendant and the SEIU, Local entered into successive collective bargaining agreements. (Turner Declaration, ¶¶ 2 and 9, Defendant's Request for Judicial Notice, **Exh. A**).

8. Plaintiff's Complaint alleges that she seeks to represent "All current and former nonexempt employees employed by Defendants in California during the Relevant Time Period" and includes causes for a failure to (1) pay minimum wages; (2) pay overtime wages; (3) provide meal periods; (4) provide rest breaks; (5) timely pay final wages; (6) provide accurate itemized wage statements; (7) unfair and unlawful competition. (Turner Declaration, ¶¶ 2 and 10, **Exh. C**)

9. Plaintiff's Complaint alleges that Defendant violated California Labor Code Section 510 by not providing overtime pay under various employment scenarios (Turner Declaration, ¶ 2, **Exh. C**, Compl. ¶¶ 49-62)

10. Plaintiff's Complaint alleges that Defendant violated California Labor Code Section 512 by not providing meal periods under various employment scenarios. (Turner Declaration, ¶ 2, **Exh. C**, Compl. ¶¶ 63-73)

11. Plaintiff's Complaint alleges that Defendant violated California Labor Code Section 512 by not providing rest breaks under various employment scenarios. (Turner Declaration, ¶ 2, **Exh. C**, Compl. ¶¶ 74-83)

12. Some of the alleged putative class member/employees whom Plaintiff seeks to represent in this action include putative class member/employees whose terms and conditions of employment were/are governed by a CBA, which include, among other terms, terms and conditions governing wages, meal periods, rest periods, off the clock work, overtime, shift differentials and grievances and arbitrations. (Turner Declaration, ¶¶ 2 and 9, Defendant's Request for Judicial

Notice, **Exh. A**)

**13.** To the extent that Plaintiff seeks to recover wages interest and penalties under the California Labor Code Section 510 overtime requirements, the California Labor Code explicitly excludes employees governed by collective bargaining agreements from its overtime provisions. Cal. Lab. Code §514; *Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146 (9th Cir. 2019). Labor Code Section 514 provides that Section 510 does "not apply to an employee covered by a valid [collective bargaining agreement] if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Cal. Lab. Code § 514.

**14.** Plaintiff's action for wages, interest and penalties is based upon alleged meal period violations, rest period violations, overtime violations, off the clock work and shift differential violations, among others, which action is substantially dependent upon analysis and interpretation of the CBA as the claim requires a determination of whether the terms of the CBA meet the elements and requirements set forth in Section 512 and Section 514 of the California Labor Code, including the manner in which meal and rest periods are provided and the manner in which disputes are resolved, and including the manner in which overtime is calculated under the CBA. *See* Cal. Labor Code §§512(e), 514.

**15.** That is, the outcome of Plaintiff's claims require an analysis of whether the CBA (a) provides for wages, hours of work, and working conditions of employees; (b) provides for meal periods for employees; (c) provides for final and binding arbitration of disputes concerning application of meal period provisions; and (d) provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage. Cal. Labor Code §512(e).

**16.** Because Plaintiff's allegations necessarily require an analysis of the terms and conditions of the CBA governing some of the alleged putative class members/employees under Cal. Labor Code §§ 512(e), 514, Plaintiff's claims must be recharacterized as LMRA Section 301 claims and, as such, are removable to federal court. *See Associated Builders & Contrs.*, 109 F.3d at 1356;

*Young*, 830 F.3d at 997, 1002. "The key to determining the scope of preemption is not how the complaint is cast, but whether the claims can be resolved only by referring to the terms of the collective bargaining agreement." *Young*, 830 F.2d at 999. "When resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a §301 claim…or dismissed as preempted by federal labor contract law." *Utility Workers of America, Local No. 246 v. Southern California Edison Co.*, 852 F.2d 1083, 1086 (9th Cir. 1988) (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985)); *see also Hyles v. Mensing*, 849 F.2d 1213, 1215- 1216 (9th Cir. 1988).

17. The CBA between the parties includes, among other provisions, provisions for hours of work (Article 13) the payment of wages (Article 17), meal and rest periods (Article 25). (*See* Turner Declaration, ¶¶ 2 and 9, Request for Judicial Notice, **Exh. A**) Accordingly, Plaintiff's Complaint and the causes of action therein arises under Section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a).

18. To the extent Plaintiff alleges state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. §§ 1367(a) and § 1441(c). *Radcliff v. San Diego Gas & Elec. Co.*, 519 F. Supp. 3d 743, 748 (S.D. Cal. 2021); *Sergio Meza Jimenez v. Young's Market Company, LLC.*, 2021 WL 5999082, at 8 and 13 (N.D. Cal. 2021) (holding that if some claims are completely preempted while others do not fall under federal preemption within a sole PAGA claim, courts may find supplemental jurisdiction in the non-preempted claims if they arise of a common nucleus of operative facts).

## II. PROCEDURAL BACKGROUND

19. On January 24, 2022, Jamie Johnson, individually, on a representative basis, and on behalf of all others similarly situated was commenced an action in the Superior Court of the State of California, in and for the County of San Francisco, entitled *Jamie Johnson, individually, on a representative basis, and on behalf of all others similarly situated; v. San Francisco Health Care and Rehab Inc, a California Corporation; and DOES 1 through 20, inclusive*, Case No. CGC-22-597785. True and correct copies of the Summons, Complaint, Civil Case Cover Sheet, Alternative Dispute Resolution Program Information Package, and Proof of Service are attached to the

Declaration of Michael E. Turner as Exhibit B through Exhibit F filed with this Notice.

### III.  TIMELY REMOVAL

**20.**  Plaintiff served the Complaint by substitution on Defendant SAN FRANCISCO HEALTH CARE AND REHAB INC, a California Corporation, on February 14, 2022.  A copy of the Summons and Complaint was mailed on February 16, 2022.  Pursuant to California Code of Civil Procedure section 415.20, service of Summons in this manner is deemed complete on the 10th day after the mailing.  Plaintiff's Summons is deemed served on February 26, 2022.  March 28, 2022 is the thirtieth (30th) day.

**21.**  This Notice of Removal is timely as it is being filed with this Court and served within thirty (30) days after the date when Defendant was served with the Summons and Complaint. 28 U.S.C. § 1446, subd. (b)(1).

### IV.  VENUE

**22.**  Venue is proper in this Court because this is the Court for the district embracing the place where the action is pending in State Court, and this is the judicial district in which the action arose. 28 U.S.C. §§ 1391(a), 1441(a), (b).

### V.  CONSENT TO REMOVAL BY REMAINING NAMED/SERVED DEFENDANTS

**23.**  Defendant is the only named and served Defendant in Plaintiff's Complaint.  Doe Defendants do not need to be joined in this Notice of Removal. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

### VI.  NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING

**24.**  There are currently no other related actions or proceedings pending. Plaintiff states in the Complaint that Plaintiff has given notice to the Labor and Workforce Development Agency of Labor Code violations and that Plaintiff reserves the right to amend this complaint or bring a separate complaint for PAGA claims. (Turner Declaration, ¶¶ 2 and 10, **Exh. C**, Compl. ¶ 4) To the extent Plaintiff does file a separate action, Defendant will see to remove that action as it is based upon the same facts as set forth in the within Complaint.

/ / /

/ / /

## VII. INTRADISTRICT ASSIGNMENT

25. Pursuant to Civil L.R. 3-2(d), this action is proper in the San Francisco Division of the Northern District of California because the action arose in the County of San Francisco.

## VIII. STATE COURT DOCUMENTS

26. Pursuant to the provisions of 28 U.S.C. § 1446(a), Defendant attaches to this Notice by way of the accompanying Declaration of Michael Turner, and incorporates by reference, a true and correct copy of the following documents, which Defendant received in this action:

    A.    Summons – Declaration of Michael Turner, **Exhibit B**

    B.    Complaint – Declaration of Michael Turner, **Exhibit C**

    C.    Superior Court Civil Case Cover Sheet – Declaration of Michael Turner, **Exhibit D**

    D.    Alternative Dispute Resolution Program Information Package – Declaration of Michael Turner, **Exhibit E**

    E.    Proof of Service – Declaration of Michael Turner, **Exhibit F**

    F.    Case Management Conference Notice – Declaration of Michael Turner, **Exhibit G**

Also attached hereto, and incorporated by reference, is Defendant's Request for Judicial Notice of the CBA between Defendant and the SEIU, Local 2015, effective October 1, 2018 through September 30, 2021.  (Declaration of Michael Turner ¶ 9, Request for Judicial Notice, **Exhibit A**.)

## IX. NOTICE AND SERVICE

27. In accordance with 28 U.S.C. § 1446(d), counsel for Defendant certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff's counsel and filed with the Clerk of San Francisco County Superior Court. Accordingly, all procedural requirements under 28 U.S.C. § 1446 are satisfied.

WHEREFORE, Defendant respectfully requests that this action now proceed against Defendant in this Court as an action properly removed.

/ / /

/ / /

/ / /

/ / /

| | | |
|---|---|---|
| 1 | DATED:  March 28, 2022 | HANSON BRIDGETT LLP |
| 2 | | |
| 3 | | By:  */s/ Michael E. Turner* |
| 4 | | DIANE MARIE O'MALLEY |
| 5 | | WARREN HODGES |
| 5 | | MICHAEL E. TURNER |
| 6 | | Attorneys for Defendant SAN FRANCISCO HEALTH CARE AND REHAB INC. |